Mr. Justice Clayton
delivered the opinion of the court.
The question in this case grows out of the demurrer of the plaintiff to the seventh plea of the defendants.
Several objections are urged to this plea — that it purports to be an answer to the whole declaration, but is an answer only to part; that it is intended as an answer to some of the counts, but is in truth an answer to none; and that it is double and multifarious.
*178 The declaration is against the defendants, as attorneys, for negligence in proceeding to collect money for the plaintiff, upon a claim placed in their hands for collection. The principal ground of complaint is, that the plaintiffs had omitted to sue one of the debtors, by reason of which the plaintiff lost his debt. In some of the counts the claim is styled a promissory note, and in others a writing obligatory. The plea to which the demurrer is filed styles it a writing obligatory. It states that they brought suit to the first term after they received the claim for collection, against one of the debtors, and recovered judgment; that he had a sufficiency of unincumbered property, bound by the judgment, to pay the debt, and that they would have obtained satisfaction of the judgment, but that the plaintiff, by his own act, surrendered up and vacated said judgment.
We cannot see any valid objection to this plea. What is said by this court in Ellis v. Martin, 2 S. & M. 192, is equally applicable to this plea. The defendants cannot be liable, if the plaintiff himself prevented the collection of the debt. It could not’be material whether one or all of the debtors were sued, so the end were attained — the collection of the money. By his demurrer the plaintiff admits the truth of the plea, and thereby admits that he has no cause of action, if the plea be good in point of form. We cannot see any fatal defect in it, as it presents a fair issue upon a single point, which, if found in their favor, defeats the whole cause of action.
The judgment is therefore affirmed.